IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **HEITECH SERVICES, INC.,** | * | |
| Appellant, | * | |
| v. | * | Case No.: GJH-17-1319 |
| | * | Bank. Case No: TJC-16-11500 |
| **ATRON CARL ROWE,** | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before the Court is Appellant HeiTech Services, Inc.'s ("HeiTech's") Motion for Leave to File Interlocutory Appeal. ECF No. 1. HeiTech seeks to appeal an interlocutory order of the United States Bankruptcy Court for the District of Maryland denying HeiTech's Motion for Summary Judgment, in which HeiTech sought to except from discharge a debt owed to it by Appellee Atron Carl Rowe ("Rowe"). The motion has been briefed, ECF No. 1, ECF No. 2, and no oral argument is necessary. Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Appellant's Motion is denied.

**I.   BACKGROUND[1]**

Since 1997, Rowe was a part-owner of Front Rowe, Inc. ("FRI"), a Virginia corporation. ECF No. 1 at 10.[2] On May 1, 2012, FRI entered into a Prime Contract with the United States Department of Labor ("DOL") for document preparation work. Under the Prime Contract, DOL would pay FRI based on the number of pages that FRI scanned and digitized. *Id.* Two months

---

[1] The background facts are taken from HeiTech's Motion and attached documents, ECF No. 1 and are largely uncontested, ECF No. 2 ¶ 1.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

later, on July 1, 2012, FRI entered into a Subcontractor Agreement ("the Subcontract") with HeiTech. Under the Subcontract, FRI would receive 51% of the revenue received from DOL and HeiTech would receive 49% of the revenue, based on the production output that FRI charged to DOL. However, from July 2012 through May 2014, FRI sent false invoices to HeiTech, underreporting the revenues. *Id.* FRI additionally failed to pay certain invoices to HeiTech, and the Subcontract was terminated on March 31, 2014. *Id.* at 10–11.

HeiTech subsequently sued FRI and Rowe (along with Rowe's co-owner) in the United States District Court for the Eastern District of Virginia (Cacheris, J.) on June 16, 2014. *Id.* at 9. In that suit, HeiTech brought a claim for breach of contract against FRI, and a claim of fraud against all defendants. *Id.* On December 19, 2014, Judge Cacheris granted HeiTech's Motion for Summary Judgment on the breach of contract claim, and entered a judgment in HeiTech's favor of $505,758.63. *Id.*[3] As to the fraud claim, Judge Cacheris denied relief, reasoning that the fraud claim was based on the same harm as the contract claim, and would result in double recovery. *Id.* In a subsequent opinion on May 25, 2015, Judge Cacheris determined that the corporate veil should be pierced and held that Rowe was individually liable as well. *Id.* at 12–13.

On February 10, 2016, Rowe filed a voluntary petition for Chapter 7 bankruptcy relief. *Id.* at 9. On March 17, 2016, the Chapter 7 trustee entered a report of no distribution and an order of discharge was entered on May 17, 2016. *Id.* HeiTech initiated an adversary proceeding on March 18, 2016 in the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"), seeking to except the judgment entered by Judge Cacheris from discharge under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). *Id.* HeiTech filed a Motion for Summary Judgment, arguing that all the issues necessary to establish that the debt is excepted from discharge had been determined by Judge Cacheris, and that those determinations were entitled to preclusive

---

[3] FRI did not contest the motion or the amount owed. ECF No. 28 at 23.

effect in the adversary proceeding. *Id.* at 8–9. Specifically, HeiTech argued that under the Bankruptcy Code, a debt is not dischargeable to the extent that it was obtained by "false pretenses, a false representation, or actual fraud," § 523(a)(2)(A), or by "willful and malicious injury by the debtor," § 523(a)(6) and that Judge Cacheris' rulings had resolved these issues as it related to its claim. The Bankruptcy Court applied federal collateral estoppel law, and found that Judge Cacheris' decisions had not relied on Rowe's "intent to deceive" or "intent to injure" as necessary parts of the decisions and noted that judgment on HeiTech's fraud claim had not been granted; thus, the Bankruptcy Court ruled, Judge Cacheris' decision did not have a preclusive effect requiring the Bankruptcy Court to except HeiTech's judgment from discharge. ECF No. 1 at 17.

On May 15, 2017, HeiTech filed a Motion for Leave to File an Interlocutory Appeal with this Court, ECF No. 1, which Rowe opposed on May 24, 2017, ECF No. 2. HeiTech asks this Court to overrule the Bankruptcy Court's denial of HeiTech's Motion for Summary Judgment, arguing that Judge Cacheris' findings regarding Rowe's intent were "absolutely essential" to its holding. ECF No. 1 at 5. Rowe, on the other hand, argues that HeiTech has not shown that there is a "substantial ground for a difference of opinion" on any relevant issue, making an interlocutory appeal improper. ECF No. 2 at 3.

**II.     STANDARD OF REVIEW**

The Court can hear a bankruptcy appeal pursuant to 28 U.S.C. § 158(a), which gives district courts jurisdiction to hear appeals "from final judgments, orders, and decrees," "from interlocutory orders and decrees issued under section 1121(d) of title 11 . . .," and "with leave of the court, from other interlocutory orders and decrees." Bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the

3

district courts." 28 U.S.C. § 158(c)(2). To seek an interlocutory appeal from a bankruptcy decision:

> the appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) (citing *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir.1972)). When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b). *Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D.Va.1996) (citations omitted). Under this analysis, leave to file an interlocutory appeal should be granted only when 1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation.

*In re Pawlak*, 520 B.R. 177, 182 (D. Md. 2014). District courts will not hear an interlocutory appeal when parties merely "disagree as to a Bankruptcy Court's interlocutory order, but rather only where substantial ground for disagreement exists as to the controlling issues of law that informed the order." *Id.* (quoting *In re Air Cargo, Inc.*, No. CCB-08-587, 2008 WL 2415039 (D.Md. June 11, 2008)). "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 624 (D. Md. 2013).

### III. DISCUSSION

HeiTech argues that the Bankruptcy Court should have given Judge Cacheris' rulings estoppel effect and that "[t]here is substantial ground for difference of opinion on the issues of whether a specific factual finding was 'necessary to the judgment,'" meriting an interlocutory appeal. ECF No. 1 at 4 (quoting *In re Microsoft Corp. Antitrust Litig.*, 274 F.Supp. 2d 741 (D. Md. 2003)). The Fourth Circuit follows a five-part test to determine whether a previously litigated issue or fact has a collateral estoppel effect on subsequent cases: "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior

4

proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004). The third element forms the crux of the dispute in this motion for interlocutory appeal. Specifically, the parties contest whether findings in Judge Cacheris' opinions related to FRI's intent to injure and intent to deceive were critical and necessary to his rulings. [4]

Only issues or facts which are "critical and necessary to the judgment in the prior litigation" are afforded an estoppel effect. *Id.* at 327. *See also Wells Fargo Equipment Finance, Inc. v. Asterbadi*, No. 15-1371, 2017 WL 818714, n.11 (D. Md. March 2, 2017) (finding that "collateral estoppel does not apply" where party had "not shown that this fact was critical and necessary to the judgment in the prior proceeding."). HeiTech argues that Rowes' intent to deceive and intent to injure were critical and necessary to Judge Cacheris' rulings and thus should be given preclusive effect in establishing exemptions from discharge pursuant to §§ 523(a)(2)(A) and (a)(6). The Court disagrees. As the Bankruptcy Court correctly noted, "Judge Cacheris concluded that HeiTech was entitled to a judgment as a matter of law on the breach of contract claim against FRI" but "[a]s to the fraud claim, the court denied relief to HeiTech because it would result in double recovery for the same harm." ECF No. 1 at 11-12. Under Virginia law, the elements of a breach of contract, which Judge Cacheris found had been met, are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) resulting injury or harm to the plaintiff." ECF No. 1 at 29 (citing *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). Because neither intent to injure

---

[4] A creditor seeking to except a debt from discharge under §523(a)(2)(A) must prove, among other elements, an "intent to deceive." *Nunnery v. Rountree (In re Rountree)*, 478 F.3d 215, 218 (4th Cir. 2007). Under § 523(a)(6), "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) (emphasis in original). Thus, according to FRI, if estoppel effect were given to these issues of intent, they would be entitled to summary judgment on their claimed exception.

nor intent to deceive was necessary for Judge Cacheris to enter judgment on the breach of contract claim, the judgment is not entitled to preclusive effect on those issues.

The same is true for Judge Cacheris' second ruling, piercing the corporate veil and finding individual defendants liable. ECF No. 1 at 38. In order to pierce the corporate veil, Judge Cacheris needed to find "(i) a unity of interest and ownership between the individual and the corporation, and (ii) that the individual used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." ECF No. 1 at 43 (citing *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011)). As to the second factor, Judge Cacheris determined that "the individual defendants used FRI to evade personal obligations and to gain an unfair advantage." ECF No. 1 at 46. Judge Cacheris made no finding as to the perpetration of a fraud and any findings in the fact section of the opinions that plausibly related to FRI's intent to injure or intent to deceive were not critical or necessary to the decision to pierce the corporate veil and do not merit preclusive effect.

HeiTech directs the Court to *In re Microsoft Corp. Antitrust Litig.*, 274 F. Supp. 2d 741 (D. Md. 2003), in support of its position that there is a substantial ground for a difference of opinion as to this issue. In that case, the district court (Motz, J.) certified its ruling for an interlocutory appeal to the Fourth Circuit. *Id.* At issue was whether certain factual findings from a previous case in the United States District Court for the District of Columbia (Jackson, J.) were "necessary to the judgment" so as to trigger a "collateral estoppel effect." *Id.* at 742. In finding that there was a "substantial ground for difference of opinion" on that question, Judge Motz relied heavily on the fact that the United District Court for the District of Columbia (Kollar-Kotelly, J.) had come to a decision contrary to his regarding the preclusive effect of findings of fact entered by Judge Jackson in *United States v. Microsoft*, 87 F. Supp. 2d 30 (D.D.C. 2000). *Id.*

As two courts had reached different opinions as to the preclusive effect of Judge Jackson's findings of fact, Judge Motz certified his opinion for interlocutory appeal. Here, HeiTech does not direct the Court to any cases finding that Judge Cacheris' ruling (or a similar ruling) is entitled to preclusive effect regarding §§ 523(a)(2)(A) and (a)(6). Instead, HeiTech spends the majority of its Motion merely arguing that the Bankruptcy Court was wrong. *See* ECF No. 1 at 5. But HeiTech must show that "courts, as opposed to parties, disagree on a controlling legal issue." And to the extent HeiTech may rely on Judge Motz's decision in *Microsoft* for the general proposition that the Court there noted that there was confusion regarding the standard for determining collateral estoppel, the Fourth Circuit resolved any such confusion on the appeal of that case. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 327 (4th Cir. 2004) (reasoning that for factual findings to be given preclusive effects, such findings must have been "critical and necessary" or "essential" to a court's prior judgment).

Although Judge Cacheris made a number of factual findings regarding Rowe's fraudulent intent, none of these findings was necessary to Judge Cacheris' opinions, and were not relied upon in finding Rowe liable for breaching his contract with HeiTech or piercing the corporate veil. These factual findings are not entitled to a preclusive effect, and there is no "substantial ground for difference of opinion" warranting an interlocutory appeal. Therefore, HeiTech cannot bring an interlocutory appeal of the Bankruptcy Court's denial of its Motion for Summary Judgment.

## IV. CONCLUSION

For the foregoing reasons, HeiTech's Motion for Leave to File Interlocutory Appeal, ECF No. 1, is hereby denied. A separate Order shall issue.

Date: October 24, 2017

GEORGE J. HAZEL
United States District Judge